# Philadelphia National League Club, Appellant, v. Rains.

*Contracts—Program privilege at ball park—Agreement to issue passes—Failure to comply with agreement—Breach of contract.*

In an action of assumpsit for the installment due on a written contract, it appeared that the plaintiff was a baseball club which had contracted with the defendant for the program privilege for the baseball season. It also appeared that the plaintiff had agreed in the contract to give a season pass to every advertiser who contracted with the defendant to place an advertisement in the program in amounts of $75 or over. It further appeared that the plaintiff, instead of issuing the annual passes, provided ticket-books admitting entrance to 40 games, whereas 77 games were played at the home grounds during the season.

Under such circumstances, a finding for the defendant is in accordance with the evidence and will be sustained.

Argued October 6, 1922.  Appeal, No. 89, Oct. T., 1922, by plaintiff, from the judgment of the Municipal Court of Philadelphia, Feb. T., 1921, No. 615, in favor of the defendant in case tried by the court without a jury in suit of Philadelphia National League Club v. Leon L. Rains.  Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Assumpsit for balance due under written contract. Before BONNIWELL, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the defendant.  Plaintiff appealed.

*Error assigned,* among others, was in admitting evidence as to whether defendant had requested or demanded from the plaintiff additional passes, and refusal of plaintiff's motion for judgment non obstante veredicto.

*Robert F. Irwin, Jr.,* and with him *Samuel M. Clement, Jr.,* for appellant.

*Jacob Weinstein,* and with him *Maurice J. Speiser,* for appellee.

OPINION BY GAWTHROP, J., December 14, 1922:
This was a suit in assumpsit to recover an installment of $500 due from defendant to plaintiff on September 1, 1920, under the terms of a written contract in form as follows:

"Philadelphia, Pa., Jan. 13, 1920.
"Agreement between the Philadelphia National League Club of the City of Philadelphia and Leon L. Rains, of the City of Philadelphia: For the sum of three thousand dollars payable five hundred dollars in advance monthly from April 1st to October 1st, the Philadelphia National League Club agrees to turn over to the said Leon L. Rains, the Score Card Privilege for all the ball games scheduled at the National League Park for the season 1920, including advertisements and sales of such programs at this park.

"It is further agreed between the said Rains and the Philadelphia National League Club that the profits after deducting the expense of printing and sale on the sale of said programs above 20,000 shall be equally divided.

"The Philadelphia National League Club agrees to issue a season pass for 1920 to every advertiser who con-

tracts with said Rains to place an advertisement in the program amounting to $75 or over.

"The Philadelphia National League Club further agrees to give said Rains the option for the same privi-leges for the season 1921 for an additional sum of 25% in excess of this contract for 1920.

> "Phila. Natl. League Club,
> "(Signed) W. F. Baker,
> "President.
> "(Signed) Leon L. Rains."

Plaintiff averred that it had fulfilled all its obligations under the agreement. Defendant answered that plain-tiff had failed and refused to issue season passes for 1920 to certain advertisers who contracted with defend-ant to place in the program advertisements amounting to or exceeding $75; that this constituted a material breach of the contract which defendant treated as a dis-charge thereof; and that, therefore, plaintiff could not maintain the suit. With the issue thus made up, the parties went to trial before a judge without a jury. At the trial plaintiff admitted that the passes issued under this contract were in the form of books containing tickets for forty games, whereas seventy-seven games were played on the home grounds. It admitted also that it refused to issue passes for the additional thirty-seven games. There was evidence to support a finding that de-fendant did not know until after the payment of the installment due August 1, 1920, that plaintiff would not furnish additional passes or tickets to advertisers entitled to season passes. The trial judge made a finding for defendant.

Plaintiff contends that there was error: 1, in admit-ting defendant's evidence that he had demanded ad-ditional passes from plaintiff; 2, in refusing judgment n. o. v. The first assignment is based on the proposition that the evidence that defendant had demanded that plaintiff furnish additional passes was inadmissible

under the affidavit of defense, because the affidavit did not put at issue the type or character of passes furnished. With this we cannot agree. The issue was raised by the averment that defendant demanded that plaintiff issue "season passes" to certain persons and that plaintiff refused to issue them. This averment permitted defendant to show in what manner plaintiff failed to issue season passes and that defendant demanded performance by requesting plaintiff to issue passes for the thirty-seven games not covered by the passes issued. The words "a season pass for 1920" do not comprehend a pass for only a fraction of the season. They are susceptible of but one meaning and that is a pass to all games played on plaintiff's home grounds during the year 1920. A pass for forty games out of seventy-seven is not a season pass. The evidence was admissible under the pleadings.

The second assignment complains of the refusal to enter judgment for plaintiff on the whole record. Under it plaintiff argues that the defense set up was not proved at the trial; that, because the entire eight defaults averred by defendant were not proved, there could be no recovery. This contention fails entirely by reason of the admission of plaintiff at the trial, that it furnished under the contract no passes admitting to more than forty games. With this admission on the record establishing as it did a material breach of the contract, plaintiff failed to establish its own case and could not recover unless defendant by his conduct waived his right to treat the breach as a discharge of the contract. But, as already stated, there was testimony which would support a finding of fact that defendant did not know until after he had paid all installments up to and including August 1, 1920, that plaintiff would not furnish additional tickets or passes to advertisers entitled to a season pass. Without such knowledge defendant cannot be held to have waived the breach. He had a right to assume that the additional tickets would be furnished and, upon learning that they would not be furnished, he could

rescind the contract. The rule that a plaintiff must recover on the strength of his own case is a complete answer to the contention made by his counsel under this assignment. We all agree that the learned trial judge was right in finding for defendant.

The assignments of error are overruled and the judgment is affirmed.